MANUEL CLAUDIO, Plaintiff and Appellant, *v.* LEONARDO
CRUZ ÁGUILA ET AL., Defendants and Appellees.

No. 12485.   Decided January 29, 1962.

*Rodríguez Ema & Rodríguez Ramón* for appellant. *E. Martínez
Avilés* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of
Division, Mr. Justice Hernández Matos and Mr. Justice
Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

In this case plaintiff Manuel Claudio filed for the first time a complaint in an action of revendication in which he alleged that the defendants, the spouses Leonardo Cruz Águila and Carmen Julia Almodóvar Lugo, occupied two strips of land which belonged to him. Afterwards the appellant amended his first cause of action, adding two new counts: one, that the appellees had opened four windows and two balconies in the wall of a building owned by them and adjacent to appellant's property with direct view over the latter's property, without leaving the distance of three meters required by existing legislation; another, claiming certain damages caused to appellant's building. During the hearing of the case the appellant desisted from the action of revendication and offered evidence on the servitude and damages.

According to the evidence, the two adjoining buildings numbered 305 and 307 are situated on Carpenter Road of the Ward of Hato Rey. The lot where the two-story building 305 is erected was acquired by the appellees on January 15, 1946 (Exh. 4 of the appellee), and the cement building was constructed in the same year 1946 (Tr. Ev. 15). On May 8, 1947, the appellees acquired the lot on which building 307 is erected (Exh. 3 of appellant). On the latter lot a one-story frame house was located which evidently, prior to 1946, did not adjoin the recently constructed wall of building 305, but since 1946, when the appellees obtained an option of purchase on the lot where building 307 would stand (Tr. Ev. 27–29), the appellees extended the frame house as far as the wall of building 305, built a roof over the old alley between the two structures, and used it as storage (Tr. Ev. 30).

The evidence is categorical as respects the fact that since the middle of 1946 and until the reconstruction of the frame house which would become building 307, the cement building 305 and the former frame house which became building 307

adjoined each other. Despite all the titubations of the memory, two photographs taken in 1946 (Exhs. 6 and 7 of the appellees, Tr. Ev. 38) show without doubt that the southern wall of building 305 and the northern wall of frame house 307 adjoined as a special party wall.

On June 13, 1951, or five years later, the appellees sold to the appellant the lot and building numbered 305 (Exh. 4 of the appellees), and on February 2, 1954 (Tr. Ev. 47) the appellees started the reconstruction of the frame house into a cement building which was terminated on October 9, 1954 (Tr. Ev. 47).

On October 11, 1955, or one year after the completion of the work, the appellant filed in the Superior Court, San Juan Part, the action of revendication above referred to. The trial court dismissed the complaint concluding, as a matter of fact, that the doors and windows opened by the appellees on the northern side of their house adjoining the southern side of appellant's house are two meters and odd centimeters distant; that the balconies of appellees' house as well as the balconies of plaintiff's house overlook Carpenter Road, and the trier is unable to see that those balconies prejudice the appellant or that they have not been constructed pursuant to law; that the wall of the appellees' house which adjoins or is attached to that of the plaintiff can in no way interfere with the better use of or prejudice the appellant's property; and, as a matter of law, that there is no servitude of light and view or of any other kind which could have converted the appellees' property into a servient tenement in favor of appellant's property; that Act No. 90 of June 16, 1953 (Sess. Laws, p. 314), to amend §§ 518 and 521 of the Civil Code of Puerto Rico (1930), limited to one and one half meters the distance at which windows and balconies may be opened over the neighbor's property.

In his petition for review before us the appellant assigns the commission of the following errors: (1) The trial court

erred in not concluding that in acquiring in 1951 the property situated on Carpenter Road 305, the appellees created in favor of the appellant a right of servitude of light and view over the adjacent tenement owned by the appellees, as to which facts there is no conflict in the evidence; (2) the trial court erred in not concluding that, inasmuch as the appellant has a right of servitude of light and view in his favor over the appellees' servient tenement, the latter could not build on their lot on an area of three meters from the boundary of the lot of the appellees to the dominant tenement of the appellant; (3) the trial court erred in applying to the facts of this case Act No. 90 of June 16, 1953, to amend §§ 518 and 521 of the Civil Code of Puerto Rico (1930).

1. The first error bears on the application to the facts of this case of § 477 of the Civil Code of Puerto Rico—31 L.P.R.A. § 1655, p. 694—which provides: "The existence of any apparent sign of servitude between two tenements established by the owner of both of them, shall be considered, if one of them be alienated, as a title, in order that the servitudes may continue actively and passively, unless, at the time of the division of the ownership of both tenements, the contrary be expressed in the deed of conveyance of either of them, or if the said sign is removed before the execution of such instrument."

There is no question that between 1947 and 1951 the appellees are owners of the two-story concrete building numbered 305 as well as of the one-story frame house numbered 307. But it is no less true that since 1947 both structures adjoined each other, and therefore, as respects the first story, any apparent sign of servitude of light and view had been removed at the time building 305 was sold to the appellant in 1951. This being so, this case, as respects the first story of buildings 305 and 307, constitutes the ex-

ception contemplated in the last provision of § 477 of the Civil Code of Puerto Rico relating to the removal of the apparent sign.

■ ■ Regarding the second stories, there is evidence that the upper story of building 305 had certain windows which opened over the appellees' lot when that lot was sold to the appellant. However, it is the evidence for the appellant—Exhibit 1 of appellant—which shows that a distance of two meters and odd centimeters separates the windows opened in the southern part of building 305 from the windows opened in the northern wall of building 307. Assuming without deciding, that those windows constituted in 1951 the apparent sign of servitude, the space of such servitude could not be greater than the maximum prescribed by law in the case of adjoining buildings.

2–3. In 1951, when the appellees sold building 305 to the appellant, § 521 of the Civil Code of Puerto Rico provided: "When, under any title, a right has been acquired to have direct views, balconies or lookouts overlooking adjacent property, the owner of the servient tenement shall not build thereon at less than two meters distance." In 1954, when the appellees built the second story of building 307, the distance was reduced to two meters by virtue of the amendment introduced thereto by Act No. 90 of June 16, 1953. According to the appellant's evidence—Exh. 1 of the appellant—when the appellees constructed the second story they left a distance of two meters and odd centimeters between the southern wall of building 305 and the northern wall of building 307. In the petition for review before us the appellant alleges that since he purchased building 305 in 1951, the appellees could not construct in 1954 as far as the distance prescribed by Act No. 90 of 1953 because the rights had been acquired under prior legislation.

■ ■ The appellant is not right. Since 1904, when the case of *Aguilar* v. *Vázquez*, 6 P.R.R. 3, 19 (Hernández, 1904),

was decided, we held that no retroactive effect is attached when the *acts* occur subsequently to the day when an amendment takes effect. None of the two assumptions on which the irretroactivity principle operates—neither the assumption of the "acts performed" nor that of prior "judicial decision"—exists in this case. We know that in the case of public-law principles, and in the case of the industry of construction of houses any regulation is of a public character, the irretroactivity principle does not prevail.

The judgment appealed from will be affirmed.